AO 241
(Rev. 10/07)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | Eastern District of Louisiana |
|---|---|
| Walter A. Kott, Jr.<br>(Name under which you were convicted) | Docket No.: **14-953** |
| Place of Confinement: Louisiana State Penitentiary | Prisoner No.: #347318 |
| Walter A. Kott, Jr., Petitioner         v.<br>(Name under which you were convicted) | N. Burl Cain, Warden, Respondent<br>(Authorized person having custody of petitioner) |
| The Attorney General of the State of Louisiana: James D. "Buddy" Caldwell | |

### PETITION

**SECT. E  MAG. 5**

1. (a) Name and location of court that entered the judgment of conviction you are challenging: <u>22nd Judicial District Court, Parish of St. Tammany</u>

    (b) Criminal docket or case number: <u>378041</u>

2. (a) Date of the judgment of conviction: <u>December 3, 2010</u>

    (b) Date of sentencing: <u>March 11, 2011</u>

3. Length of sentence: <u>Life imprisonment without parole, probation or suspension of sentence</u>

4. In this case, were you convicted on more than one count or of more than one crime?

    [ ] Yes   [X] No

5. Identify all crimes of which you were convicted and sentence in this case: <u>Second Degree Murder (La. R.S. 14:30.1)</u>

6. (a) What was your plea? (Check one):

    [X] (1) Not guilty      [ ] (3) Nolo contendere (no contest)
    [ ] (2) Guilty          [ ] (4) Insanity plea

    (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

    (c) If you went to trial, what kind of trial did you have? (Check one)

    [X] Jury   [ ] Judge

**TENDERED FOR FILING**

APR 2 3 2014

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

___ Fee _____
___ Process _____
 x  Dktd _____
___ CtRmDep _____
___ Doc. No. _____

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

   [X] Yes   [ ] No

8. Did you appeal from the judgment of conviction?

   [X] Yes   [ ] No

9. If you did appeal, answer the following:

   (a) Name of court: Louisiana First Circuit Court of Appeal

   (b) Docket or case number: 2011-KA-0997

   (c) Result: Affirmed

   (d) Date of result: February 10, 2011

   (e) Citation to the case: State v. Kott, 11-0997 (La.App. 1 Cir. 2/10/12), 90 So.3d 555

   (f) Grounds raised: Use of Other Crimes Evidence; Consent to Search not freely and voluntarily given; Involuntary confessions.

   (g) Did you seek further review by a higher state court?   [X] Yes   [ ] No

      If yes, answer the following:

   (1) Name of court: Louisiana Supreme Court

   (2) Docket or case number: 2012-K-1221

   (3) Result: Denied

   (4) Date of result: November 21, 2012

   (5) Citation to the case: State v. Kott, 12-1221 (La. 11/21/12), 102 So.3d 53

   (6) Grounds raised: Same as 9(f), supra

   (h) Did you file a petition for certiorari in the United States Supreme Court?

      [ ] Yes   [X] No

   If yes, answer the following:

   (1) Docket or case number:

   (2) Result:

   (3) Date of result:

   (4) Citation to the case:

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

    [X] Yes   [ ] No

11. If your answer to Question 10 was "Yes," give the following information:

   (a)   (1) Name of court: <u>22nd Judicial District Court, Parish of St. Tammany</u>

        (2) Docket or case number: <u>378041</u>

        (3) Date of filing: <u>May 24, 2013</u>

        (4) Nature of the proceeding: <u>Application for Post Conviction Relief</u>

        (5) Grounds raised: <u>Ineffective assistance of counsel; Unconstitutionality of La R.S. 14:30.1 (3) and (4); Prosecutorial misconduct; Cumulative effect of all errors</u>

        (6) Did you receive a hearing where evidence was given on your petition application, or motion?   [ ] Yes   [X] No

        (7) Result: Denied

        (8) Date of result:

   (b) If you filed any second petition, application, or motion, give the same information:

        (1) Name of court:

        (2) Docket or case number:

        (3) Date of filing:

        (4) Nature of the proceeding:

        (5) Grounds raised:

        (6) Did you receive a hearing where evidence was given on your petition, application, or motion?   [ ] Yes   [ ] No

        (7) Result:

        (8) Date of result:

   (c) If you filed any third petition, application, or motion, give the same information:

        (1) Name of court:

        (2) Docket or case number:

        (3) Date of filing:

        (4) Nature of the proceeding:

        (5) Grounds raised:

        (6) Did you receive a hearing where evidence was given on your petition application, or motion?

        [ ] Yes   [ ] No

(7) Result:

(8) Date of result:

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

 (1) First petition: [X] Yes [ ] No

 (2) Second petition: [ ] Yes [ ] No

 (3) Third petition: [ ] Yes [ ] No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): See attached Memorandum of Law

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c) Direct Appeal of Ground One:

 (1) If you appealed from the judgment of conviction, did you raise this issue?

  [X] Yes [ ] No

 (2) If you did not raise this issue in your direct appeal, explain why:

(d) Post-Conviction Proceedings:

 (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state court?

  [ ] Yes [ ] No

 (2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number:

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?

    [ ]  Yes  [ ]  No

(4) Did you appeal from the denial of your motion or petition?

    [ ]  Yes  [ ]  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

    [ ]  Yes  [ ]  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number:

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

GROUND TWO:

(a)    Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): See attached Memorandum of Law

(b)    If you did not exhaust your state remedies on Ground Two, explain why:

(c)    Direct Appeal of Ground Two:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        [X]  Yes  [ ]  No

    (2) If you did not raise this issue in your direct appeal, explain why:

(d)    Post-Conviction Proceedings:

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state court?

        [ ]  Yes  [ ]  No

    (2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number:

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion or petition?

        [ ]   Yes   [ ]   No

    (4) Did you appeal from the denial of your motion or petition?

        [ ]   Yes   [ ]   No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

        [ ]   Yes   [ ]   No

    (6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number:

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)   Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two:

GROUND THREE:

(a)   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): <u>See attached Memorandum of Law</u>

(b)   If you did not exhaust your state remedies on Ground Three, explain why:

(c)   Direct Appeal of Ground Three:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        [X]   Yes   [ ]   No

    (2) If you did not raise this issue in your direct appeal, explain why:

(d)   Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state court?

[ ]  Yes   [ ]  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number:

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?

[ ]  Yes   [ ]  No

(4) Did you appeal from the denial of your motion or petition?

[ ]  Yes   [ ]  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

[ ]  Yes   [ ]  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number:

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)  Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

GROUND FOUR:

(a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): See attached Memorandum of Law

(b)  If you did not exhaust your state remedies on Ground Four, explain why:

(c)  Direct Appeal of Ground Four:

(1) If you appealed from the judgment of conviction, did you raise this issue?

        [X]    Yes   [ ]    No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)   Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state court?

        [ ]    Yes   [ ]    No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number:

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?

        [ ]    Yes   [ ]    No

(4) Did you appeal from the denial of your motion or petition?

        [ ]    Yes   [ ]    No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

        [ ]    Yes   [ ]    No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number:

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)   Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

GROUND FIVE:

(a)   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): See attached Memorandum of Law

(b) If you did not exhaust your state remedies on Ground Five, explain why:

(c) Direct Appeal of Ground Five:

(1) If you appealed from the judgment of conviction, did you raise this issue?

[ ] Yes  [ ] No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state court?

[X] Yes  [ ] No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: <u>Application for Post Conviction Relief</u>

Name and location of the court where the motion or petition was filed: <u>22nd Judicial District Court, Parish of St. Tammany</u>

Docket or case number: <u>378041</u>

Date of the court's decision: <u>June 20, 2013</u>

Result (attach a copy of the court's opinion or order, if available): Denied

(3) Did you receive a hearing on your motion or petition?

[ ] Yes  [X] No

(4) Did you appeal from the denial of your motion or petition?

[X] Yes  [ ] No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

[X] Yes  [ ] No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: <u>Louisiana First Circuit Court of Appeal</u>

Docket or case number: <u>2013-KW-1257</u>

Date of the court's decision: <u>October 28, 2013</u>

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)  Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Five:

GROUND SIX:

(a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): See attached Memorandum of Law

(b)  If you did not exhaust your state remedies on Ground Six, explain why:

(c)  Direct Appeal of Ground Six:

(1) If you appealed from the judgment of conviction, did you raise this issue?

[ ]  Yes  [ ]  No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)  Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state court?

[X]  Yes  [ ]  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Application for Post Conviction Relief

Name and location of the court where the motion or petition was filed: 22nd Judicial District Court, Parish of St. Tammany

Docket or case number: 378041

Date of the court's decision: June 20, 2013

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?

[ ]  Yes  [X]  No

(4) Did you appeal from the denial of your motion or petition?

[X]  Yes  [ ]  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

[X]  Yes  [ ]  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Louisiana First Circuit Court of Appeal

        Docket or case number: <u>2013-KW-1257</u>

        Date of the court's decision: <u>October 28, 2013</u>

        Result (attach a copy of the court's opinion or order, if available): <u>Denied</u>

        (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Six:

GROUND SEVEN:

(a)     Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): <u>See attached Memorandum of Law</u>

(b)     If you did not exhaust your state remedies on Ground Seven, explain why:

(c)     Direct Appeal of Ground Seven:

        (1) If you appealed from the judgment of conviction, did you raise this issue?

            [ ] Yes    [ ] No

        (2) If you did not raise this issue in your direct appeal, explain why:

(d)     Post-Conviction Proceedings:

        (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state court?

            [X] Yes    [ ] No

        (2) If your answer to Question (d)(1) is "Yes," state:

        Type of motion or petition: <u>Application for Post Conviction Relief</u>

        Name and location of the court where the motion or petition was filed: <u>22nd Judicial District Court, Parish of St. Tammany</u>

        Docket or case number: <u>378041</u>

        Date of the court's decision: <u>June 20, 2013</u>

        Result (attach a copy of the court's opinion or order, if available): <u>Denied</u>

        (3) Did you receive a hearing on your motion or petition?

            [ ] Yes    [X] No

        (4) Did you appeal from the denial of your motion or petition?

            [X] Yes    [ ] No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

[X]   Yes   [ ]   No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Louisiana First Circuit Court of Appeal

Docket or case number: 2013-KW-1257

Date of the court's decision: October 28, 2013

Result (attach a copy of the court's opinion or order, if available): Denied

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)  Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Seven:

GROUND EIGHT:

(a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): See attached Memorandum of Law

(b)  If you did not exhaust your state remedies on Ground Eight, explain why:

(c)  Direct Appeal of Ground Eight:

(1) If you appealed from the judgment of conviction, did you raise this issue?

[ ]   Yes   [ ]   No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)  Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state court?

[X]   Yes   [ ]   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Application for Post Conviction Relief

Name and location of the court where the motion or petition was filed: 22nd Judicial District Court, Parish of St. Tammany

Docket or case number: 378041

Date of the court's decision: June 20, 2013

Result (attach a copy of the court's opinion or order, if available): <u>Denied</u>

(3) Did you receive a hearing on your motion or petition?

[ ] Yes   [X] No

(4) Did you appeal from the denial of your motion or petition?

[X] Yes   [ ] No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

[X] Yes   [ ] No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: <u>Louisiana First Circuit Court of Appeal</u>

Docket or case number: <u>2013-KW-1257</u>

Date of the court's decision: <u>October 28, 2013</u>

Result (attach a copy of the court's opinion or order, if available): <u>Denied</u>

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Eight:

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? [X] Yes [ ] No
If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? [X] Yes [ ] No
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if

available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? [X] Yes [ ] No
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised. Louisiana Supreme Court; No. 2014-KH-704; Application for Supervisory Writ; Same as 11(5), supra.

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Martin E. Regan, Jr. (11153), 2125 St. Charles Ave., New Orleans, LA 70130

(b) At arraignment and plea: Same as 16(a), supra.

(c) At trial: Same as 16(a), supra.

(d) At sentencing: Same as 16(a), supra.

(e) On appeal: Frank Sloan, Louisiana Appellate Project, 948 Winona Dr., Mandeville, LA 70471

(f) In any post-conviction proceeding: Rachel Yazbeck (31371), 938 LaFayette St., Ste. 240, New Orleans, LA 70113

(g) On appeal from any ruling against you in a post-conviction proceeding: Same as 16(f), supra.

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? [ ] Yes [X] No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:
  (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant

Therefore, petitioner asks that the Court grant the following relief:

Reverse his conviction and order a new trial within the time prescribed by the court;

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on the 22nd day of April, 2014.

Executed on the 22nd day of April, 2014.

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

---

was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.