UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WALTER A. KOTT, JR.                              CIVIL ACTION

VERSUS                                           NUMBER: 14-0953

N. BURL CAIN, WARDEN                             SECTION: "E"(5)

## ORDER AND REASONS

Presently before the Court is Petitioner's motion for stay and abeyance, the State's response thereto, and associated supplemental briefing from the parties. (Rec. docs. 4, 6, 9, 10). For the reasons that follow, it is ordered that Petitioner's motion is denied.

In the interest of judicial economy, the procedural history of Petitioner's state criminal proceedings will not be recounted in full here but only to the extent necessary to resolve the matter at hand. After Kott's conviction had become final on February 20, 2013, he filed a counseled application for post-conviction relief containing four claims that was denied by the state trial court on June 20, 2013. (Rec. docs. 1-5, pp. 40-81; 1-4, p. 29).[1] Through counsel, Kott then filed a writ application with the Louisiana First Circuit Court of

---

[1] In his direct criminal appeal, Kott had litigated three of the claims for relief that are set forth in his federal habeas petition. *State v. Kott*, No. 2011-KA-0997, 2012 WL 602425 (La. App. 1st Cir. Feb. 10, 2012), *writ denied*, 102 So.2d 53 (La. 2012); (Rec. doc. 1-4, pp. 16-26).

Appeal on or about July 19, 2013.  (Rec. doc. 1-5, pp. 2-39).  According to Kott's motion, in early March of 2014, over six months later, he contacted his attorney to inquire about the status of that writ application.  On March 12, 2014, Petitioner's attorney corresponded with him as follows:

> I have some bad news.  Your Writ to the First Circuit was denied without reasons on October 28, 2013.  Somehow the email from the First Circuit got lost in my inbox and they never mailed an actual copy to the office. Obviously your writ to the Supreme Court is now untimely.  Since we had no opinion from the First Circuit, I seriously doubt the Louisiana Supreme Court would have entertained the writ.  Your Supreme Court Writ taken form your direct appeal was denied on 11/21/2013 and your Post Conviction Relief was filed six months and 3 days later.  You still have your Federal Habeas available to you until approximately April 24, 2014.  My office has not been retained to do either the Louisiana Supreme Court Writ or the Federal Habeas.  If you would like, I can send you a template for the Federal Habeas. Should you have any questions, please do not hesitate to contact the undersigned.
>
> (Rec. doc. 4, p. 12)

Several days later, Kott's attorney swore out an affidavit in which she attested to the following:

1. That I am the attorney of record for Walter A. Kott, Jr. who filed the Supervisory Writ to the Court of Appeal, First Circuit, State of Louisiana, Docket No. 2013-KW-1257.
2. That during the week of March 10, 2014, I contacted the First Circuit Court of Appeal to inquire about the ruling in the above case and was informed that a ruling had been e-mailed to me on October 28, 2013.
3. That this was my first notification of the ruling.
4. That the e-mail which had been sent to me on October 28, 2013 was lost in my inbox and only found last week after I inquired about the ruling with the Court.
5. That a hard copy of the ruling was never received in the mail by my office at any time.
6. That a copy of the ruling was immediately mailed to Water A. Kott, Jr., via Certified Mail, Receipt No. 7012 1640 0000 5483 0403 on March 12, 2014.

2

    7. That on Friday, March 14, 2014, I spoke with Walter A. Kott, Jr. and advised him of the ruling and the events that had transpired.

(Rec. doc. 4, p. 14).

Upon being apprised of the foregoing sequence of events, Kott indicates that he prepared a *pro se* application for writs containing the four claims for relief, along with a motion for leave to file the writ application out-of-time, which were received by the Louisiana Supreme Court on April 4, 2014.  (Rec. doc. 4, p. 16).  That matter remains pending before the latter tribunal under docket number 2014-KH-0704.  (*Id.*).

Kott now moves the Court to stay the above-captioned matter pending the resolution of his writ application by the Louisiana Supreme Court.  Recognizing that the writ application was not timely-filed under the Rules of the state's highest court, Kott alternatively asks that the Court find that he is entitled to equitable tolling with respect to the claims that are set forth in the writ application.  For its part, the State argues that the third claim presented in Kott's habeas petition was not adjudicated in his direct criminal appeal or in post-conviction proceedings and is thus unexhausted.  The State further argues that "good cause" for Kott's failure to exhaust his post-conviction relief claims has not been shown and that the requested stay and abeyance should therefore be denied.

In *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528 (2005), the Supreme Court held that, in some circumstances, it is appropriate for a federal district to stay a habeas corpus proceeding containing both exhausted and unexhausted claims in order to allow the petitioner to litigate his unexhausted claims in state court and then return to federal court to obtain review of his perfected condition.  "[S]tay and abeyance is only appropriate when

3

the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court" and ". . . the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Rhines*, 544 U.S. at 277, 125 S.Ct. at 1535.  "On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  *Id.* at 278, 125 S.Ct. at 1535.

As a result of an e-mail being "lost" in the inbox of the attorney who represented him in state post-conviction proceedings, Kott was provided belated notice that the Louisiana First Circuit had denied his writ application to that tribunal.  He has since filed a writ application containing the four post-conviction claims with the Louisiana Supreme Court that remains pending.  While the events described by Kott were perhaps not of his doing, he cannot establish "good cause" for the failure to exhaust:  "'[a]ttorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must 'bear the risk of attorney error.'"  *Hall v. Thaler*, 504 Fed.Appx. 269, 284 (5th Cir. 2012), *cert. denied*, ___ U.S. ___, 134 S.Ct. 385 (2013)(quoting *Coleman v. Thompson*, 501 U.S. 722, 753, 111 S.Ct. 2546, 2566-67 (1991)).  Absent a showing of good cause, stay and abeyance is not appropriate. As for the State's argument that the third claim set forth in Kott's petition was not litigated in his direct criminal appeal or advanced in post-conviction proceedings and is thus unexhausted, Kott counters that the claim was the subject of pre-trial motion practice and,

ultimately, a writ application to the Louisiana Supreme Court through which state court remedies were exhausted.  *See State v.* Kott, 21 So.3d 270 (La. 2009); (Rec. doc. 1-4, pp. 3-5).  Without the benefit of the state court record, the Court is unable to confirm whether that is the case.  Accordingly, the State is ordered to file a response herein and to produce the record of Kott's criminal proceedings within thirty days of entry of this order.  Pending that additional briefing and production of the state court record, the Court expresses no opinion about the possible applicability of equitable tolling to Kott's post-conviction claims.

New Orleans, Louisiana, this ___30th___ day of _____ July _____, 2014.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE