UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WALTER A. KOTT, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-953** |
| **BURL CAIN, WARDEN** | **SECTION "E"(5)** |

### ORDER AND REASONS

This matter is before the undersigned magistrate judge upon referral of *pro se* petitioner's, Walter A. Kott, Jr.'s, motion to amend his 28 U.S.C. § 2254 petition or alternatively to stay the proceedings. Rec. Docs. 26, 27. For the reasons set forth below, the Court has determined that the motion should be granted to the extent Kott requests to supplement and provide additional support for his existing claim of ineffective assistance of counsel raised in his federal *habeas* petition. This ruling does not alter the undersigned's prior report and recommendation for dismissal of the petition. Rec. Doc. 22.

Kott seeks to expand the record before this Court to add for consideration by the Court a sworn report he only recently obtained from Dr. Steven A. Barker, an expert in the field of toxicology. The report is intended to bolster his claim that counsel was ineffective for failing to hire any expert witnesses despite having the funds made available for him to do so. Kott maintains that if Dr. Barker had testified at trial, his testimony would have changed the outcome of the verdict because it "disputes and calls into question every phase of the testimony of the experts offered by the state [and] is also supported by undisputed scientific

evidence."[1]  Alternatively, he requests a stay of the proceedings so that he may return and present the ineffective assistance claim again with the supportive new evidence to the state courts.  Although the Court liberally construes the motion to amend and will allow Kott's request for leave to supplement the record in this case, thereby preserving a full record for appellate review, the Court finds it is nevertheless constrained from considering Dr. Barker's materials for purposes of its review of the state court's adjudication on the merits pursuant to 28 U.S.C. § 2254(d)(1).

Under Federal Rule of Civil Procedure 15(a), a party may amend his or her pleadings once as a matter of course within 21 days after service of a responsive pleading if one is required. Fed. R. Civ. P. 15(a)(1); *see Mayle v. Felix*, 545 U.S. 644, 655 (2005); 28 U.S.C. §2242 (habeas applications "may be amended or supplemented as provided in the rules of procedure applicable to civil actions"); Rule 12, Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (providing that the Federal Rules of Civil Procedure may be applied to *habeas* petitions to the extent those rules are not inconsistent with the *habeas* rules).  Otherwise, the party may amend only with the opposing party's written consent or by leave of court, which should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2); Rule 15(a) evinces a liberal amendment policy and a motion to amend should not be denied absent a substantial reason to do so. *See Jacobsen v Osborne*, 133 F.3d 315, 318 (5th Cir. 1998).  In this case, the essential grounds for the claim were asserted previously (Rec. Doc. 16), the State has had the opportunity to address the merits of the ineffective assistance claim for failure to hire an expert witness (Rec. Docs. 14, 15), and the sworn report has little or no consequence under

---

[1] Rec. Doc. 26, p. 1.

the circumstances to a review of the merits. Therefore, the Court will allow Kott leave to supplement the record to include Dr. Barker's materials.

Ultimately, however, federal law is clear that the Court on *habeas* review in this case may not consider Dr. Barker's sworn expert report as it relates to the adjudication of Kott's claim that his counsel was ineffective in failing to retain an expert witness for the defense to counter the State's expert witnesses' testimony at trial. Kott's claim of ineffective assistance of counsel for failure to retain expert witnesses was presented to the state district court, the intermediate appellate court and the Louisiana Supreme Court during post-conviction proceedings – without supporting evidence such as affidavits or reports of any proposed witnesses – and relief was denied. For the first time now, almost six months after this Court issued a report and recommendation on his original federal *habeas* petition, Kott requests consideration of supporting evidence in the form of Dr. Barker's countervailing expert review and report. However, because the state courts rejected this claim on the merits without the benefit of Dr. Barker's materials, which were not part of the record in this case, it is beyond the scope of review for this Court to evaluate Kott's claim *de novo* under the *Strickland* standard based on the newly acquired expert report.

The Court's "review [of Petitioner's claim] under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). In *Pinholster*, the Supreme Court held that where a *habeas* claim has been decided on the merits in state court, as here, a federal court's review under 28 U.S.C. §2254(d)(1)—whether the state court determination was contrary to or involved an unreasonable application of established federal law—must be confined to the record that was

before the state court. *Id.* at 181. The Supreme Court in *Pinholster* observed that AEDPA's "backward-looking language requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time *i.e.*, the record before the state court." *Id.* at 182. Further, the Court explained that "[i]t would be contrary to [AEDPA's] purpose to allow a petitioner to overcome an adverse state-court decision with new evidence introduced in a federal habeas court and reviewed by that court in the first instance effectively *de novo*." *Id*. Thus, because Dr. Barker's report was not before the state courts at the time those courts adjudicated Kott's ineffective assistance claim on the merits, this Court is prohibited from considering it on federal *habeas* review under Section 2254(d).[2]

Furthermore, Kott concedes the claim itself was presented to the state courts for review, albeit without the supporting affidavit, and therefore was exhausted. Kott's new evidence is not sufficient to constitute a new claim. In this instance, a stay and abeyance of these proceedings is not warranted. *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005).

Accordingly, **IT IS ORDERED** that Walter A. Kott, Jr.'s motion to file amended complaint

---

[2] The Court notes that even if review of the claim in light of the new evidence was not prohibited under *Pinholster*, the new evidence would not entitle Kott to relief. The affidavit shows that the legal underpinnings for Dr. Barker's position on causation mistakenly stem from federal criminal law rather than state law. *See* Rec. Doc. 26-1, pp. 5-6 of 104. Dr. Barker's opinion contradicting the State's experts, *i.e.*, that the drug administered by Kott was not the "sole" cause of death, would not have changed the outcome in light of applicable Louisiana jurisprudence. *See State v. Hano*, 938 F.2d 181, 192 (La. App. 1st Cir. 2006), *writ denied,* 948 So.2d 164 (2007); *Hano v. Warden, Louisiana Correctional Inst. for Women*, 09-7741, 2011 WL 3320660, at *12 (E.D. La. July 06, 2011), *report and recommendation adopted*, 2011 WL 3320595 (E.D. La. Aug. 01, 2011). Thus, Kott cannot establish a reasonable probability of a different or more favorable outcome even if Dr. Barker's countervailing expert testimony had been offered by the defense at trial. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

or in the alternative, motion to stay and abate is **GRANTED IN PART** solely to allow Kott to supplement the record with the report of Dr. Barker. (Rec. Doc. 26). The supplemental evidence does not alter the undersigned's prior report and recommendation (Rec. Doc. 22).

New Orleans, Louisiana, this  29th  day of        April       , 2016.

                                            MICHAEL B. NORTH
                                    UNITED STATES MAGISTRATE JUDGE

**CLERK**:
cc.  District Judge Susie Morgan, Div. E.